IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Sean Hopkins, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Town of Santee<br><br>Defendant. | CIVIL ACTION NO.:<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiff Sean Hopkins, on behalf of himself and all others similarly situated by and through his undersigned attorney, files this Complaint against Defendant, Town of Santee respectfully alleges unto this Honorable Court as follows:

**NATURE OF CLAIMS**

1. This is an action for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq, (FLSA). Plaintiff is a former employee of Defendant. Defendant engaged in a practice of wage theft by failing to pay Plaintiff and similarly situated employees time and half when employees worked over 40 hours in a workweek.

2. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and similarly situated employees who suffered damages as a result of Defendant's violations of the FLSA.

3. Plaintiff also brings an individual claim for unlawful retaliation pursuant to 29 U.S.C. § 215(a)(3), of the FLSA.

4. Plaintiff also bring this lawsuit seeking recovery against Defendant violation of the SC Payment of Wages Act, SC Code sect. 41-10-10 et seq.

## PARTIES, JURISDICTION AND VENUE

5. Plaintiff Sean Hopkins is a citizen and a resident of Berkeley County, South Carolina.

6. The Town of Santee is a governmental agency providing police protection services through the Town of Santee Police Department.

7. The Chief of Police for the Town of Santee Corner is Chief J. Serrano.

8. Upon information and belief, at all times relevant to this complaint, Town of Santee employs persons such as Plaintiff to work on its behalf in providing labor for its benefit

9. At all times material, hereto, Plaintiff performed non-exempt duties for the Defendant within the jurisdiction and venue of this Court.

10. Venue is proper in this District because the Town of Santee has conducted substantial, continuous and systematic governmental activities in Orangeburg County. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were, for the most part, committed in the Orangeburg Division of this Court.

11. This Court has jurisdiction of the claims alleged herein, and of the FLSA claim per 28 U.S.C. § 1331, and 42 U.S.C. § 1983.

12. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the statutory and common law of the State of South Carolina. The pendent claims arise out of the same transaction or occurrence as the federal claims alleged herein.

**FACTS**

13. At all times, relevant to this action, Sean Hopkins was employed by the Town of Santee as a law enforcement officer with the Town of Santee Police Department.

14. Plaintiff's primary job responsibilities included enforcing the general criminal statutes of the state and municipality, and arresting individuals accused of criminal activity.

15. Plaintiff Hopkin's was employed by the Defendant from approximately March 2016 of until July of 2019.

16. Plaintiff was paid an hourly rate. Plaintiff worked shifts that were twelve hours or longer.

17. Plaintiff had an employment agreement with the Defendant, whereby the Defendant agreed to pay him an hourly rate for all hours worked.

18. At all times, relevant to this Complaint, Plaintiff was a non-exempt employee for purposes of the FLSA.

19. Plaintiff was entitled to overtime compensation after he worked one hundred and seventy-one (171) hours in a twenty-eight day (28) pay period.

20. Plaintiff regularly worked in excess of one hundred and seventy-one (171) hours in a twenty-eight day (28) pay period and was not compensated for those hours.

21. At the change of his shift Plaintiff was required come into the office and download his body camera video on the computer. He was also required to pass off automated external defibrillator, shift camera and the lock-out kit to the police officer that was relieving him.

22. In order to accomplish these tasks, Plaintiff, as well as similarly situated police officers; often needed to work fifteen (15) minutes to twenty (20) minutes before their shift and/or fifteen minutes (15) to twenty (20) minutes after their shift.

23. The equipment that was exchanged was integral and indispensable to Plaintiff's job duties. It was needed in case of a medical emergency or in case a motorist locked themselves out of their car.

24. Exchanging this equipment and downloading their body camera video was integral and indispensable to Plaintiff's, and similarly situated police officers, principle work activities.

25. In addition to exchanging the equipment, Plaintiff was required to update the police officer that was relieving him about what had occurred during the shift. In turn, when Plaintiff was finishing his shift, he was required to update the police officer that was relieving him. This was necessary to performing his duties.

26. Advising the police officer that was relieving Plaintiff, what occurred during the shift was also integral and indispensable to Plaintiff's, and similarly situated police officers, principle work activities.

27. The process of exchanging equipment and information before and after a shift took approximately fifteen (15) to twenty (20) minutes, because Plaintiff and similarly situated police officers were required to inspect the equipment to make sure it was in working order.

28. Plaintiff and similarly situated police officers were required to these perform duties before and after his shift.

29. Plaintiff and similarly situated police officers were not compensated for the time they spent before and after their shift performing these integral and indispensable work activities.

30. In some workweeks, this caused Plaintiff and similarly situated police officers to work more than one hundred and seventy-one (171) hours in a twenty-eight day (28) pay period without receiving overtime compensation for the hours beyond (171) in that pay period. In other

workweeks, this caused Plaintiff to perform work without receiving his hourly rate of pay for all hours worked.

31. Plaintiff was instructed by his supervisors not to report this time as compensable time; therefore, Plaintiff performed this work "off the clock" without being paid.

32. Defendant violated FLSA's recordkeeping regulations, as set forth 29 CFR Part 516, because Defendant did not keep accurate records of the hours Plaintiff and similarly situated police officers worked.

33. Plaintiff and similarly situated police officers were not compensated for the time they spent preparing for Court. Plaintiff had Court approximately twice a month. Plaintiff arrived at least thirty 30 minutes before Court started so he could be prepared and speak with motorist regarding their tickets.

34. For instance, if Plaintiff wrote a motorist ticket for failing to have their registration or proof of insurance; Plaintiff would dismiss the ticket if the motorist showed him their registration and insurance on the Court date. This required Plaintiff to arrive at Court early to handle these types of matters before Court began.

35. Plaintiff was not compensated for this time.

36. Plaintiff frequently complained to his supervisors and to Police Chief J. Serrano about working "off the clock" and not being compensated for working overtime when the officers that were supposed to relieve him were repeatedly late.

37. Plaintiff's complaints to his supervisors and to Police Chief J. Serrano were sufficiently clear and detailed for the Defendant to understand the nature of the complaint, and that it constituted protected activity under the FLSA's anti-retaliation provision.

38. The Defendant had fair notice that Plaintiff's complaint was protected activity.

39. Defendant retaliated against Plaintiff by terminating him, because he complained about violations of the FLSA.

40. Defendant fired Plaintiff for "stealing time" claiming he intentionally incorrectly reported his time; even though, Defendant had a pattern and practice of engaging in wage theft by requiring Plaintiff and similarly situated police offices to work "off the clock" without compensation.

41. Upon information and belief, Defendant made this accusation against Plaintiff because Plaintiff complained about not getting paid for the overtime he worked "off the clock".

42. These violations of federal law by the Defendant were knowing, willful, intentional, and done in bad faith.

43. Plaintiff and similarly situated police officers regularly worked approximately three (3) to four (4) hours in a pay period that they were not compensated for.

44. Plaintiff had an employment agreement whereby he accrued paid time off based upon the number of hours he worked.

45. Plaintiff earned over one hundred and twenty five (125) hours of accrued paid time off. Defendant did not pay Plaintiff for this time when he separated from employment.

### FOR A FIRST CAUSE OF ACTION
### (FLSA–Failure to Pay Overtime Wages)

46. Plaintiff re-alleges and incorporate by reference all preceding paragraphs as if specifically set forth herein.

47. Plaintiff is employee of Defendant for purposes of the Fair Labor Standards Act during times relevant to this Complaint. Defendant failed to pay Plaintiff for all overtime hours.

48. Defendant also failed to pay Plaintiff for all compensable time for which Plaintiff provided work for the benefit of Defendant.

49. Plaintiff is entitled to back wages for all overtime hours worked.

50. Plaintiff is also entitled to an award of back pay at his regular hourly rate or his overtime rate, as appropriate compensation for all time spent in working for Defendant, which was wrongfully excluded by Defendant in calculating his compensable time.

51. The failure of Defendant to compensate Plaintiff for overtime worked and for "off the clock hours" as required by the FLSA was knowing, willful, intentional, and done in bad faith.

52. Plaintiff is also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

53. The work and pay records of Plaintiff are in the possession, custody, and/or control of Defendant, and Defendant is under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiff request an order of this Court requiring Defendant to preserve such records during the pendency of this action.

54. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

### FOR A SECOND CAUSE OF ACTION
**(FLSA–Retaliation)**
**(Individual Action)**

55. Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs.

56. On various occasions throughout Plaintiff's employment, he complained about pay practices of Defendants' that were unlawful under the FLSA.

57. Plaintiff engaged in "protected conduct" by complaining about the FLSA violations alleged herein.

58. Defendant did nothing to rectify the wage and hour violations that Plaintiff complained about.

59. In fact, the Defendant terminated Plaintiff in direct response to his complaints of wage and hour violations by accusing Plaintiff of "stealing time".

60. As a result of Defendant's accusations, Plaintiff has suffered humiliation, embarrassment, emotional distress, mental anguish, and damage to reputation and career as a law enforcement officer.

61. Defendant willfully, intentionally, and unlawfully retaliated against Plaintiff based on his lawful complaints of overtime violations.

62. Defendant is liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

63. Defendant are subject to individual liability pursuant to 29 U.S. C. §§203(e)(l) and 215(a)(3) for the retaliatory conduct.

64. Defendant terminated Plaintiff and otherwise discriminated against him because of his protected conduct.

65. Defendant has willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

66. Because of Defendant's willful violations of the FLSA, Plaintiff is entitled to recover from Defendants for front-pay, back-pay, emotional damages, reasonable attorneys' fees and costs/disbursements of prosecuting this case, plus liquidated damages, and post-judgment interest.

## FOR A THIRD CAUSE OF ACTION
### (South Carolina Payment of Wages Act)
### (Individual Action)

67. Plaintiff re-alleges and incorporate by reference all preceding paragraphs as if specifically set forth herein.

68. Defendant is "employers" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

69. Defendant employed Plaintiff within the State of South Carolina.

70. Defendant owes Plaintiff "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to Defendants, as promised to Plaintiff and the members of the Plaintiff's class and as required by law.

71. Defendant required Plaintiff to work "off the clock," and did not pay him for all service rendered for the benefit of Defendant.

72. Defendant did not pay Plaintiff for the accrued time off that he earned.

73. Defendant has failed to pay Plaintiff all wages due, as required by Sections 41-10-40 and -50 of the Act.

74. Defendant's failure to pay Plaintiff all wages due is willful, without justification, and in violation of the duty of good faith and fair dealing.

75. Pursuant to Section 41-10-80(C) of the Act, Plaintiff is entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hopkins demand:

a. Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216 (b);

b. Declaratory Judgement that Defendant violated the FLSA;

c. Declaratory Judgement that Defendant retaliated against Plaintiff in violation of the FLSA;

d. Declaratory Judgement that Defendant's violations were willful;

e. Declaratory Judgement that Defendant violated the South Carolina Payment of Wages Act;

f. Judgment against Defendant for an amount equal to Plaintiff's and similar situated employees' unpaid back wages at the applicable overtime rates;

g. Judgment against Defendant that their violation of the FLSA and its implementing regulations were willful;

h. Liquidated damages in an amount equivalent to the overtime damages owed to Plaintiff and similar situated employees;

i. Judgement against the Defendant for Plaintiff's emotional injuries resulting from the retaliatory termination;

e. Treble damages pursuant to the South Carolina Payment of Wages Act;

f. Leave to amend to add other Defendant who meet the definition of Plaintiff's employer, 29 U.S.C. § 203(d);

g. Injunctive relief to require Defendant to record, report and preserve records sufficient to enable Plaintiffs to determine their wages, hours and conditions and practices of employment, including practices regarding deductions and payment and nonpayment of overtime as mandated by the FLSA.

h. Attorneys' fees and costs; and

i. All such further relief as the Court deems just and equitable.

**JURY DEMANDED**

Plaintiff Hopkins hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney, Esq. FID 11162
652 Rutledge Ave Ste A
Charleston, SC 29403
P: (843) 588-5587
marybeth@mullaneylaw.net


/s/ Jennifer Munter Stark
Jennifer Munter Stark, Esq. FID 9364
210 Wingo Way #300
Mount Pleasant, SC  29464
P: (843) 972-0004, F: (843) 972-0006
jmunterstarklaw@gmail.com